Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON E. JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A04-1402-CR-55 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1211-CM-492

**November 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jason Jackson ("Jackson") was convicted in White Superior Court of Class A misdemeanor operating a vehicle while suspended. The trial court sentenced Jackson to 180 days of home detention. Jackson appeals and argues that the trial court abused its discretion in admitting evidence obtained as a result of an illegal traffic stop.

We affirm.

**Facts and Procedural History**

On November 14, 2012, Brookston Town Marshal Charles Yeoman ("Marshal Yeoman") was on patrol when he received a report that a van had been driving erratically on Indiana Highway 43. Marshal Yeoman drove his cruiser toward the vehicle's reported location and soon spotted a van matching the caller's description traveling northbound. Marshal Yeoman began to follow the van and observed the van attempting to pass other vehicles while traveling in a passing zone. After Marshal Yeoman observed the van move into the opposite lane of travel in a no-passing zone marked by solid double yellow lines in an attempt to pass a vehicle in front of the van, he initiated a traffic stop of the van. Marshal Yeoman asked the van's driver for his driver's license and identified the driver as Jackson. Jackson admitted to Marshal Yeoman that he was driving with a suspended driver's license. After performing a check on Jackson's driving record, Yeoman confirmed that Jackson's license was suspended and arrested Jackson.

On November 15, 2012, the State charged Jackson with Class A misdemeanor operating a vehicle while suspended. On June 10, 2013, Jackson filed a motion to suppress the evidence gathered during the traffic stop, arguing that Marshal Yeoman lacked reasonable suspicion to support the traffic stop. The trial court held a hearing on

Jackson's motion and denied the motion on July 2, 2013. Jackson filed a second, similar motion to suppress on October 28, 2013. The trial court took Jackson's motion under advisement. At a combined bench trial/suppression hearing held on November 19, 2013, the trial court denied Jackson's motion to suppress and found Jackson guilty as charged.[1]

Following the December 19, 2013 sentencing hearing, the trial court sentenced Jackson to 180 days in jail, but ordered that he serve his sentence on home detention. Jackson filed a motion to correct error on January 23, 2014. The trial court denied Jackson's motion. Jackson now appeals.

**Discussion and Decision**

Jackson argues that the trial court erred when it denied his motion to suppress evidence. However, because Jackson did not seek an interlocutory appeal after the denial of his motion to suppress, the issue presented is more appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial. Washington v. State, 784 N.E.2d 584, 586-87 (Ind. Ct. App. 2003).

Questions regarding the admission of evidence are left to the sound discretion of the trial court, and on appeal, we review the court's decision only for an abuse of that discretion. Wells v. State, 904 N.E.2d 265, 269 (Ind. Ct. App. 2009), trans. denied. The trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. Id.

Our review of rulings on the admissibility of evidence is essentially the same regardless of whether the challenge is made through a pretrial motion to suppress or by

---

[1] The State makes no argument that Jackson failed to preserve this issue for appeal.

an objection at trial. Jackson v. State, 890 N.E.2d 11, 15 (Ind. Ct. App. 2008). We will not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. Id.

Jackson advances his argument based upon both the Fourth Amendment to the United States Constitution and the Indiana Constitution. An investigatory stop of a citizen by a police officer does not violate the Fourth Amendment rights of that individual where the officer has a reasonable articulable suspicion of criminal activity. State v. Ritter, 801 N.E.2d 689, 691 (Ind. Ct. App. 2004), trans. denied. Such reasonable suspicion is determined on a case-by-case basis, in light of the totality of the circumstances. Id. Similarly, under Article 1, Section 11 of the Indiana Constitution, a police stop and brief detention of a motorist is reasonable if the officer reasonably suspects that the motorist is engaged in, or is about to engage in, illegal activity. Id. Thus, the question to be decided is whether Marshal Yeoman had a reasonable suspicion to stop Jackson's vehicle. Although the standard of review of a trial court's decision to admit evidence is whether there was an abuse of discretion, the determination of reasonable suspicion is reviewed *de novo*. Id.

Reasonable suspicion requires that there be "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." Woodson, 960 N.E.2d at 227 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Although there is no set of hard-and-fast rules to determine what constitutes reasonable suspicion, a mere "hunch" is insufficient. Id. On appeal, we make reasonable suspicion determinations by looking at the totality of the circumstances of each case to

determine whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing. Id.

Jackson testified at trial and argues on appeal that he did not violate any law because he waited until he had reached a passing zone before he attempted to pass the vehicle in front of him. Jackson maintains that Marshal Yeoman's traffic stop was not supported by reasonable suspicion because "Yeoman was three to four car lengths behind [Jackson's] car, so his view was not direct, but at an angle." Appellant's Br. at 6. He contends that since the traffic stop was not supported by reasonable suspicion, the evidence acquired by Marshal Yeoman during the traffic stop—specifically, evidence that Jackson's license was suspended—must be suppressed.

Marshal Yeoman, however, testified that he observed Jackson pass another vehicle in an area marked as a no-passing zone with two solid yellow lines.[2] Although Jackson testified that he waited until he had reached a passing zone to pass the other vehicle, it was well within the trial court's discretion weight the evidence and find Marshal Yeoman's testimony to be more credible than Jackson's. Jackson's argument on appeal is simply a request that we reweigh evidence, which we will not do. See Jackson, 890 N.E.2d at 15.

Viewing the evidence in a light most favorable to the trial court's judgment, we conclude that, under both the Fourth Amendment of the federal Constitution and Article I, section 11 of the Indiana Constitution, Marshal Yeoman had the reasonable suspicion

---

[2] Indiana code section 9-21-4-18 provides that a "person who drives a vehicle must obey the markings or signs posted[.]"

necessary to conduct a traffic stop of Jackson. We accordingly find no abuse of discretion in the trial court's admission of the evidence Marshal Yeoman obtained as a result of the stop.

Affirmed.

RILEY, J., and CRONE, J., concur.